911 F.2d 731
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fabio DIAZ, Plaintiff-Appellant,
v.
John ROJESKI, Michael Eagen, Defendants-Appellees.
 No. 90-1292.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and SILER, Chief District Judge.*
 
 ORDER
 
 2
 Fabio Diaz, a pro se Indiana prisoner, moves for the appointment of counsel and appeals the district court's summary judgment dismissals of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and declaratory relief, Diaz filed this suit based upon his arrest and prosecution by Eaton County, Michigan authorities in 1987 for conspiracy to deliver cocaine. Diaz was ultimately acquitted of the charge by a jury. Diaz sued Rojeski, a sergeant with the Eaton County Sheriff's Department who was in charge of the investigation, and Eagen, an assistant Eaton County prosecutor, in their individual and official capacity. Plaintiff's claims can essentially be divided into four categories: (1) false arrest and malicious prosecution; (2) he was denied due process when defendants subjected him to excessive bail, and denied him an interpreter at trial; (3) defendant Rojeski interviewed him twice outside the presence of his attorney, and without giving him his Miranda v. Arizona, 384 U.S. 436 (1966) warnings; and (4) his due process rights were violated in regards to the conditions of his pretrial confinement in the Eaton County jail.
 
 
 4
 Defendants filed a motion for summary judgment and Diaz filed a response. The district court granted summary judgment as to defendant Eagen on all the claims relating to Eagen's prosecution of Diaz, finding that Eagen was absolutely immune from suit. The court further found that neither defendant was liable on the bail, interpreter or conditions of confinement claims because neither had any control over those situations. The court also found that Diaz could not maintain a malicious prosecution suit against Rojeski because a prior judicial finding of probable cause was a complete defense to such a claim. The court however declined ruling on the false arrest claim regarding Rojeski, finding that the claim could not be resolved on the present record because Rojeski had submitted virtually no information regarding the basis of the charges against Diaz in order for the court to ascertain whether Rojeski was entitled to qualified immunity. Later, Rojeski filed another motion for summary judgment, and Diaz filed a response. The court ultimately granted Rojeski summary judgment on the false arrest claim, finding that Rojeski was entitled to qualified immunity on the claim because a reasonably competent police officer would have concluded that probable cause supported the issuance of plaintiff's arrest warrant. The court also denied plaintiff's request to amend his complaint to add other Eaton County officials in regard to the conditions of confinement claim. The court denied the request without prejudice to plaintiff's right to raise the claim in a separate action.
 
 
 5
 On appeal, Diaz reasserts his claims, moves for the appointment of counsel and argues that the district court should have allowed him to amend his complaint.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated in Judge Bell's opinions dated August 7, 1989, and February 10, 1990. We also conclude that the district court did not abuse its discretion in denying plaintiff's request for leave to file an amended complaint because Diaz essentially sought to substitute entirely new defendants after entry of judgment. See Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir.1989).
 
 
 7
 Accordingly, the motion for counsel is denied, and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation